```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN JUDE HOFFENBERG, | |
| Plaintiff, | Civil Action |
| | No. 10-2788 (JBS/KMW) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Defendant. | |

APPEARANCES:

Steven Jude Hoffenberg
35601-054
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff, Pro Se

**SIMANDLE**, Chief Judge:

I.   INTRODUCTION

   Steven Jude Hoffenberg, a federal inmate in New Jersey, filed this "Federal Tort Claims Action" against the United States of America for what Hoffenberg characterizes as torts allegedly committed by Bureau of Prisons' staff.  [Docket Item 1.]  This Court administratively terminated the Complaint as duplicative of Civil Action 09-4784.  [Docket Item 7.]  However, because that related action raised claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) rather than the Federal Tort Claims Act (FTCA), the Court of Appeals vacated this Court's termination and ordered that this Court consider Plaintiff's application to

proceed without paying a filing fee and screen the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

Plaintiff's application to proceed without prepaying his filing fee shows that he is indigent, and the Court will therefore permit the Complaint to be filed without prepayment of fees.  However, for the reasons detailed below, Plaintiff's Complaint will be dismissed.

**II.   BACKGROUND**

In 1995, Plaintiff pleaded guilty to various fraud charges relating to his service as chief executive officer, president and chairman of the board of Towers Financial Corporation.  See United States v. Hoffenberg, No. 94 Cr. 213 (RWS), 95 Cr. 321 (RWS), 1997 WL 96563 (S.D.N.Y. March 5, 1997) (sentencing opinion).  He was sentenced to twenty years imprisonment and assessed large fines.  Id.  From prison he has filed numerous challenges to his conviction, sentence, and conditions of confinement.  Hoffenberg v. United States, 333 F. Supp. 2d 166, 169-171 (S.D.N.Y. 2004) (recounting some of Hoffenberg's suits).[1]

---

[1] Despite Mr. Hoffenberg's many dismissed suits in the federal courts, he does not appear to have yet run afoul of 28 U.S.C. § 1915(g)'s prohibition against a prisoner bringing an in forma pauperis application "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Many of his suits have been brought as habeas actions, resolved on summary judgment based on statutes of limitations, or dismissed

Since his conviction, Plaintiff has been incarcerated at several different federal institutions, eventually having been placed at F.C.I. Fort Dix, in Fort Dix, New Jersey, where he is presently incarcerated.

### A.   Civil Action 09-4784

On September 21, 2009, Plaintiff filed a civil complaint against the Warden at Fort Dix in Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB), 2009 WL 3230330 (D.N.J. Sept. 30, 2009).  Because of the relationship of that case to this one, the Court will briefly detail its procedural history.

The complaint in Civil Action 09-4784 was a 100-page submission "encompassing 371 virtually incomprehensible paragraphs," and Judge Bumb dismissed the initial pleading for failure to comply with the procedural and substantive requirements of Federal Rule of Civil Procedure 8, as well as Rules 18 and 20.  Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB),  2011 WL 124632, at *3 (D.N.J. Jan. 14, 2011). Over the course of several further iterations of the pleadings, Judge Bumb went to great lengths to help Hoffenberg bring his submissions into compliance with the Federal Rules.  Id. at *5-6. Unfortunately, Hoffenberg ignored these efforts and filed additional incomprehensible and prolix pleadings.  Id. at *4-9.

---

for failure to comply with the pleading rules, rather than being dismissed as frivolous or for failure to state a claim.

Four subsequent amendments failed to remedy the problem, and so the Court dismissed the matter with prejudice given the disregard for the Court's multiple efforts to explain the pleading requirements to Plaintiff.  Id. at *18.

Judge Bumb did attempt to discern claims from the difficult-to-follow pleadings, and determined that – to the extent they were properly interpreted by the Court – they were without merit.  The claims included, as relevant here: (1) an access to courts claim based on confiscation of certain legal documents; (2) a claim that Plaintiff should not have been placed in solitary confinement; (3) a claim involving medical malpractice; (4) a vague claim involving retaliation; and (5) a claim that the prison was interfering with Hoffenberg's criminal restitution payments.  Id. at *16-18.

As to the access to the courts claim, Judge Bumb dismissed the claim for failure to allege any actual injury to Hoffenberg's ability to litigate any claims as a result of removal of certain legal documents from his posssession, noting that his argument that the documents were necessary to file concise future pleadings was transparently meritless.  Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB),  2011 WL 124632, at *13 (D.N.J. Jan. 14, 2011).  As to the allegation that Plaintiff's rights were violated because, for a certain period of time, Plaintiff was moved from the general prison population to solitary

4

confinement, Judge Bumb understood the claim to be that Plaintiff had some right not to be placed in solitary confinement, and she determined that Hoffenberg had no such general right. Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB), 2010 WL 1706304, at *2 (D.N.J. Apr. 27, 2010) (citing Sandin v. Conner, 515 U.S. 472, 478 (1995)). As to the medical malpractice claim, Judge Bumb determined that such a claim was not cognizable as a Bivens action in the absence of any allegations that Plaintiff was denied care for his medical needs, or was denied for non-medical reasons. Id. at *4 (citing Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987)). As to the retaliation claim, Judge Bumb determined that Plaintiff's "retaliation" claim did not specify either the protected activity, or why that activity was the motivating factor driving each particular Defendant's actions, or the relevant timeline of events. Id. at *6. And, finally, as to the restitution-related claim, Judge Bumb determined that Hoffenberg did not articulate any cognizable civil rights claim related to his ability to pay restitution to his victims. Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB), 2011 WL 124632, at *17 (D.N.J. Jan. 14, 2011).

On November 30, 2011, after providing Hoffenberg with notice and an opportunity to be heard on the matter, Judge Bumb entered a limited order of preclusion against Hoffenberg. Hoffenberg v.

5

Grondolsky, Civ. Action No. 09-4784 (RMB) (D.N.J. Nov. 30, 2011). For all non-emergent non-habeas civil actions in which Hoffenberg seeks in forma pauperis status, Hoffenberg is required to file a one-page single-sided application for leave to file pleadings. The application is required to contain the information Judge Bumb determined to be necessary to avoid frivolous or malicious filings, including a brief statement ensuring that the claims have not previously been decided.  Id.[2]

### B. The Present Action

The instant matter was commenced on June 1, 2010, and is substantially similar to Civ. Action No. 09-4784.  Plaintiff presents similar facts as those that appeared in his pleadings before Judge Bumb, though this time more concisely and with somewhat more relevant detail.  They include the following claims as far as the Court can discern: (1) an access to courts claim based on prison officials obstructing Plaintiff's ability to speak with attorneys by telephone about his restitution payments, and based on seizure of certain legal documents purportedly

---

[2] The present action was not subject to that preclusion order, and so the Court will screen the pleading under 28 U.S.C. § 1915, and permit Plaintiff to file an amended pleading without seeking leave to file it following Judge Bumb's prescribed process.  However, in light of the circumstances of and justifications for that limited preclusion order, the Court will order that any amended pleadings filed in response to today's Opinion and Order not contain claims that have previously been dismissed with prejudice, or else the pleading will be stricken.

6

necessary for Plaintiff to file concise claims (Compl. ¶¶ 72, 98-124); (2) a claim that Plaintiff should not have been placed in solitary confinement because it was based on a false incident report (Compl. ¶¶ 64-66); (3) a claim involving medical negligence (Compl. ¶¶ 136-141); (4) a claim that the other torts identified in this action were in retaliation for Plaintiff's cooperation in a federal investigation (Compl. ¶¶ 83-97); and (5) interference with Plaintiff's restitution payments and violation of constructive trust law related to those payments (Compl. ¶¶ 48-82, 125-135).

Because Plaintiff captions his Complaint as arising under the Federal Tort Claims Act, he sues only the United States, he attempts to state each claim as a tort, and he has previously attempted to litigate his claims as constitutional claims and had them dismissed with prejudice, the Court interprets Plaintiff's Complaint to raise claims exclusively under the Federal Tort Claims Act.

### III. DISCUSSION

#### A. Standard of Review

This Court is directed under § 1915(e)(2) to dismiss, at the earliest practicable time, *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  In

7

determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Thus, to survive dismissal, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to plausibly allege all required elements of a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

8

Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

**B.   Analysis**

The Federal Tort Claims Act, which is codified in multiple sections of Title 28 of the United States Code, "operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

An FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury.  See 28 U.S.C. § 1346(b)(providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); CNA v. United States, 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA."); Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) (holding that the FTCA does not provide for equitable relief).  Federal constitutional violations are not cognizable under the FTCA.  See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994).

A plaintiff suing under the Act must present the offending

agency with notice of the claim, including a "sum certain" demand for monetary damages. White-Squire, 592 F.3d at 457. This administrative exhaustion "is jurisdictional and cannot be waived." Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009)(internal quotation omitted).

    1. Exhaustion

Plaintiff alleges (and his attached exhibit demonstrates) that he sent some kind of notice of a tort claim to the Department of Justice on June 4, 2009, which the Department forwarded to the Bureau of Prisons, the appropriate agency. Compl. ¶¶ 17-18; Pls.' Ex. 4 (letter from Department of Justice). Presentation of the claim to the wrong agency is generally not fatal to an exhaustion attempt, because agencies are required by law to appropriately forward the claims. See Greene v. United States, 872 F.2d 236, 237 (8th Cir. 1989); Bukala v. United States, 854 F.2d 201, 203-04 (7th Cir. 1988). But see Hart v. Dep't of Labor, 116 F.3d 1338, 1341 (10th Cir. 1997).

However, Plaintiff fails to identify what claims were contained in his June 4, 2009 letter and therefore potentially exhausted. If Exhibit 5 is the document he sent to the Department of Justice (it is unclear from the Complaint whether this is his FTCA notice or an internal BOP administrative remedy letter), it would fail to exhaust his FTCA claim because even if the vague accusations are sufficient, it does not contain a

demand for sum certain damages.  <u>See</u> Pls.' Ex. 5 (Hoffenberg letter).

Therefore, as a threshold matter, the Complaint must be dismissed for failure to sufficiently allege the jurisdictional basis for Plaintiff's FTCA claim.  <u>See</u> <u>Kaufman v. Liberty Mut. Ins. Co.</u>, 245 F.2d 918, 920 (3d Cir. 1957) ("The party asserting it has the burden of proving all the jurisdictional prerequisites.").

### 2. Sufficiency of Allegations

Additionally, even if exhausted, the only claim that plausibly presents an injury to Plaintiff's property interests or to Plaintiff's physical person is Plaintiff's medical negligence claim (although even that claim does not concretely identify any physical injury).  <u>See</u> Compl. ¶¶ 136-141.  Nevertheless, this claim must be dismissed because it contains none of the factual content necessary to raise such a claim.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949.  Instead, it recites legal boilerplate, repeatedly inveighing that staff at the prison failed to meet the "standard of care."  Compl. ¶¶ 137, 141.  Nowhere does the Complaint identify the care which Plaintiff believes he was entitled to that was withheld, or that was improperly provided. The Complaint does say that staff "placed the Plaintiff at the wrong B.O.P. care level (2) two," Compl. ¶ 139, but what this means and how it harmed Plaintiff is left unspecified.

The rest of Plaintiff's claims will also be dismissed as they cannot form the basis for an FTCA claim.  Plaintiff's claim involving interference with his telephone calls and with his legal documents do not appear to sound in tort law, and do not identify cognizable injury to Plaintiff's property or physical person.  Even if they could be properly cast as negligence claims arising from some constitutional duty, the duty owed to Plaintiff would not include access to legal resources for all purposes, but instead to provide "those [tools] that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  See Lewis v. Casey, 518 U.S. 343, 355 (1996).

Plaintiff's claim that he was improperly placed in solitary confinement, even if it could be cast as some species of tort, does not involve an injury to his physical person or his property.  Similarly, Plaintiff's retaliation claim does not involve any cognizable FTCA injury.  Finally, Plaintiff's claim that prison staff is preventing him from making payments to his victims is, at best, a tort claim on behalf of the people entitled to those funds.  Such a claim cannot be brought by Plaintiff.  See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990) (explaining that to stand in for another as plaintiff, the purported plaintiff must among other things provide an adequate explanation – such as inaccessibility, mental incompetence, or

12

other disability – why the real party in interest cannot appear on his own behalf to prosecute the action).

When dismissing a case brought by a pro se plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice to leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000). When it is apparent that leave to amend would be futile, such dismissal should be with prejudice. Given Plaintiff's prior unsuccessful effort to litigate these same four claims as constitutional claims,[3] and the fact that no further factual allegations could transform them into proper FTCA claims because they lack a basis in tort law, the Court concludes that any attempt to re-assert these claims in this action would be futile. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (permitting dismissal with prejudice "based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment."). These claims are therefore dismissed with prejudice.

On November 21, 2011, Plaintiff sought leave to file additional papers, the content of which is difficult to discern from the letter. [Docket Item 25.] If the papers are relevant

---

[3] Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB), 2011 WL 124632, at *17 (D.N.J. Jan. 14, 2011).

13

to Plaintiff's sole surviving claim, Plaintiff may include them in any amended pleadings he files pursuant to today's Order. Otherwise, leave to file them is denied.

**IV. CONCLUSION**

In sum, the Court will dismiss without prejudice Plaintiff's claim pursuant to the Federal Tort Claims Act for recovery from the United States for medical malpractice, while dismissing all other claims with prejudice. In light of today's opinion and Judge Bumb's findings in the limited preclusion order of November 30, 2011, Plaintiff will be permitted to file an Amended Complaint alleging medical malpractice under the FTCA within sixty days on the condition that the amended pleadings contain no reference to any claim other than Plaintiff's FTCA medical malpractice claim against the United States. To survive screening, such a pleading must also sufficiently allege exhaustion of Plaintiff's FTCA claim (meaning an allegation that Plaintiff presented the medical malpractice administrative tort claim to the Department of Justice in his 2009 letter and that the letter contained a demand for a sum certain); concrete allegations regarding how prison staff failed to meet the prevailing standard of medical care; and any other allegations necessary to state a medical malpractice claim under New Jersey law under these circumstances. Failure to make a good faith

attempt to include the necessary allegations on exhaustion (as detailed in this Opinion), or failure to add concrete allegations regarding how prison staff failed to meet the standard of care, will cause the Court to conclude that Plaintiff's effort is frivolous or malicious.  If Plaintiff fails to file an Amended Complaint within sixty (60) days conforming to these pleading requirements, the present dismissal will then be deemed to be with prejudice to pursuing this malpractice claim in the future.

   The accompanying Order will be entered.

**February 6, 2012**                           **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                               Chief U.S. District Judge