IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JUDE HOFFENBERG, | |
| Plaintiff, | Civil Action No. 10-2788 (JBS/KMW) |
| v. | |
| UNITED STATES, | **OPINION** |
| Defendant. | |

APPEARANCES:

Steven Jude Hoffenberg
35601-054
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff, Pro Se

**SIMANDLE**, Chief Judge:

I.  **INTRODUCTION**

This Opinion concerns an Amended Complaint [Docket Item 28] that Plaintiff Steven Jude Hoffenberg, a federal inmate in New Jersey, filed on February 10, 2012, and a Motion to Change Venue [Docket Item 29] that Plaintiff also filed on February 10, 2012.

On February 6, 2012, this Court issued an opinion and order [Docket Items 26 and 27, respectively] dismissing the claims that Plaintiff raised in his Complaint filed on June 1, 2010 [Docket Item 1].  The dismissal was with prejudice for all claims except for Plaintiff's medical malpractice claim under the Federal Tort Claims Act ("FTCA"), for which the Court granted permission to file an Amended Complaint pursuant to certain conditions.

Hoffenberg v. United States, No. 10 Civ. 2788, 14 (D.N.J. Feb. 6, 2012). In his Amended Complaint, the Plaintiff failed to comply with the Court's conditions and failed to establish subject matter jurisdiction. The Plaintiff's medical malpractice claim will now be dismissed with prejudice. He will not be granted further leave to amend.

The Plaintiff's motion to change venue will also be denied, as he has not shown that either the convenience of the parties or the interests of justice require a change in venue. His motion to change venue could be interpreted as a motion for recusal, but the Plaintiff has not satisfied that standard.

**II. BACKGROUND**

In 1995, Plaintiff pled guilty to various fraud charges relating to his service as chief executive officer, president and chairman of the board of Towers Financial Corporation. United States v. Hoffenberg, No. 94 Cr. 213 (RWS), 95 Cr. 321 (RWS), 1997 WL 96563 (S.D.N.Y. March 5, 1997) (sentencing opinion). He was sentenced to twenty years imprisonment and assessed large fines. Id. From prison he has filed numerous challenges to his conviction, sentence, and conditions of confinement. Hoffenberg v. United States, 333 F. Supp. 2d 166, 169-171 (S.D.N.Y. 2004) (recounting some of Hoffenberg's suits). On June 1, 2010, Plaintiff brought this action against Defendant United States.

**A.   A Previous, Related Action:   Civil Action No. 09-4784**

On September 21, 2009, Plaintiff filed a similar action. Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB), 2009 WL 3230330 (D.N.J. Sept. 30, 2009).  Because of that case's relationship to this one, the Court will briefly detail its history.

The complaint in Civil Action 09-4784 was 100-pages "encompassing 371 virtually incomprehensible paragraphs," and presiding Judge Bumb dismissed it for failure to comply with the Federal Rules of Civil Procedure.  Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB),  2011 WL 124632, at *3 (D.N.J. Jan. 14, 2011).  Judge Bumb tried to help Plaintiff comply with the Federal Rules, Id. at *5-6, but he continued to file incomprehensible and prolix pleadings, Id. at *4-9.  Judge Bumb eventually dismissed the matter with prejudice. Id. at *18.

On November 30, 2011, after providing Plaintiff with notice and an opportunity to respond, Judge Bumb entered a limited order of preclusion against him.  Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB) (D.N.J. Nov. 30, 2011).  For all non-emergent non-habeas civil actions in which Hoffenberg seeks in forma pauperis status, he must file a one-page single-sided application for leave to file pleadings.  The application must contain the information necessary to avoid frivolous or malicious filings, including a brief statement ensuring that the claims have not

3

previously been decided.  Id.

**B.  The Present Action:  The Court's Prior Dismissal**

The instant matter was commenced on June 1, 2010, and is substantially similar to Civ. Action No. 09-4784.  The Court permitted the Complaint to be filed without prepayment of fees, pursuant to 28 U.S.C. § 1915. [Docket Item 27, Feb. 6, 2012 Order, at 1.]  The Plaintiff's Complaint included the following claims: (1) an access to courts claim based on prison officials obstructing Plaintiff's ability to speak with attorneys by telephone and based on seizure of legal documents; (2) a claim that Plaintiff should not have been placed in solitary confinement because of a false incident report; (3) a claim involving medical negligence; (4) a claim that the other torts identified in this action were in retaliation for Plaintiff's cooperation in an investigation; and (5) interference with Plaintiff's restitution payments and violation of constructive trust law related to those payments.  Hoffenberg v. United States, No. 10 Civ. 2788, 6-7 (D.N.J. Feb. 6, 2012).

On February 6, 2012, this Court issued an opinion and order [Docket Items 26 and 27, respectively] dismissing all of the claims. The dismissal was with prejudice for all claims except for Plaintiff's medical malpractice claim under the FTCA.  Id. at 14. The Court permitted Plaintiff to file an Amended Complaint alleging medical malpractice "on the condition that the amended

4

pleadings contain no reference to any claim other than Plaintiff's FTCA medical malpractice claim." Id.  The Court also noted that, while the present action was not subject to Judge Bumb's screening order,

> [I]n light of the circumstances of and justifications for that limited preclusion order, the Court will order that any amended pleadings filed in response to today's Opinion and Order not contain claims that have previously been dismissed with prejudice, or else the pleading will be stricken.

Id. at 6.  In addition, the Court instructed Plaintiff that, in his amended pleading, he must sufficiently allege, *inter alia,* exhaustion of his FTCA claim.  Id. at 14-15.  The Court advised plaintiff that he must show that the BOP had notice of his claim, including "a sum certain demand for monetary damages" in order to satisfy jurisdictional exhaustion requirements.  Id. at 10.

**C. The Present Action:  Plaintiff's Amended Pleading**

On February 10, 2012, Plaintiff filed a 367-paragraph Amended Complaint that, with exhibits, was 98 pages and mostly incomprehensible.  In addition, despite this Court's instruction to confine the Amended Complaint to his medical malpractice claim, Plaintiff repeated his prior claims:  The Amended Complaint contains many references to the United States Congress Ethics Committee, restitution, investment assets, a constructive trust, a hedge fund, the Detroit Police and Fire Pension Fund, a Vanity Fair article about Plaintiff's business partner Jeff

5

Epstein, a Department of Justice fraud investigation, and Bernie Madoff.  (E.g. Am. Compl. at 2-3.)  The Amended Complaint also alleges a judicial misconduct conspiracy between Chief Judge Simandle, the presiding Judge in this matter, and Judge Bumb, the presiding Judge in Civil Action 09-4784 discussed in Section I.A. above:  "Judge Simandle at bar, AIDED in, the Judge Renee Marie Bumb, MALICE, BAD FAITH, EXTRAORDINARY, EGREGIOUS COVER UP, JUDICIAL MISCONDUCT, in this Court House. . . ."  (Id. ¶ 43.)  None of these allegations involve the medical malpractice claim.

      The Amended Complaint alleges notice to the Bureau of Prisons ("BOP") about Plaintiff's tort claims, but these allegations lack specificity.  For example, Plaintiff references "over 1400, plaintiff filed with the BOP, actual injury, EVIDENCE, tort NOTICE claim letters," but he does not allege the contents of these letters. (Am. Compl. ¶79.)  In addition, some of his references to these letters involve trust and restitution allegations, not the FTCA claim:  "tort NOTICE claim letters, are part of the NEW YORK plaintiff CONSTRUCTIVE TRUST LAW . . . in the 1400 plaintiff BOP filed tort evidence injury tort NOTICE, . . . RELIEF to victims under the victims crime reform act. . . ."  (Id.)  Other references to these letters allege denial of access to courts:  "tort injury claim letters, charging daily staff misconduct . . ., denial of the plaintiffs daily court access in the four (4) plaintiffs denied Habeas Corpus motions. . . ."

(Am. Compl. ¶ 305.)  The Amended Complaint does not allege facts showing that Plaintiff (1) gave the BOP notice of his medical malpractice claim, including the specific events and injuries under which his claim arose or (2) presented BOP with a specific sum certain demand, as required by the FTCA.

Aside from Plaintiff's failure to plead that BOP had notice of a sum certain demand for his medical malpractice claim, the Court could not discern the amount of that demand.  The Plaintiff asked for $20 billion, but this number encompasses his medical malpractice and his other claims:  "The RELIEF DAMAGES are $20 TWENTY BILLION DOLLARS, that must BE PAID . . . under the CONSTRUCTIVE TRUST, LAW, PLAINTIFF's VICTIMS ACTUAL INJURY. . . ."  (Am. Compl. ¶12.)  There are no allegations about a sum certain demand that relates specifically to Plaintiff's medical malpractice claim.

After 323 paragraphs about other claims, Plaintiff alleges physical injuries related to the healthcare conditions at Fort Dix prison, but these allegations lack specificity.  For example, he states, "daily, constant, DEPRIVATION, fulltime, non-stop in the plaintiff mandated and demanded community standard chronic care at Fort Dix Prison, by the healthcare department. . . ."  (Am. Compl. ¶ 326.)  He references, *inter alia,* diabetes, (Id. ¶ 333.(A)); "[d]aily torn right shoulder cup, with related plaintiff other body parts, injuries, hips, legs, arms, hands,

7

back, and neck," (Id. ¶ 335); "[d]aily Hypertension, and high bloodpressure, injuries," (Id. ¶ 336); "extreme mouth, dental, fulltime, ongoing, daily injuries," (Id. ¶ 340); and "[d]aily injuries in the plaintiffs three slipped back disk," (Id. ¶ 349).

Amid Plaintiff's recitation of injuries and conclusions, the Court could only discern one factual allegation: "M.D. Lopez, the healthcare staff medical director, CONCEDED on . . . 1-23-12 . . . that constant Diabetes medication was WRONG medication." (Id. ¶ 352)  The medication errors caused "side effects,"(Id. ¶ 354), and "hurt[] the plaintiff in life long above daily plaintiffs discerned injuries.  Kidney damage, . . ." (Id. ¶ 353).

**D. The Present Action:  Plaintiff's Motion to Change Venue**

On February 10, 2012, the Plaintiff filed a motion to change venue to the District of Columbia.  [Docket Item 29.]  He supplemented this motion with additional filings on February 14, 2012 [Docket Item 30] and February 17, 2012 [Docket Item 31].

The Plaintiff alleges that the Court must grant this motion because Chief Judge Simandle is biased from working with Judge Bumb: "Judge Simandle fundamental unfairness . . . conflict with Judge Bumb, shows the conflict taint, in the Judge Simandle at bar, fulltime, under the statutory conflict of interest recusal purpose . . . ."  (Mot. Change Venue ¶ 7.)  The Plaintiff notes that he plans to seek Judge Bumb's impeachment before the United

States Congress,(Id. ¶ 48), and that, if Judge Simandle does not grant this motion, he will be "JOINED and LINKED, with Judge Bumb . . . that may be very UNWISE," (Id. ¶ 50).

The Plaintiff also alleges that the defendant United States and the Bureau of Prisons maintain "the lawsuit records, action at bar" in the District of Columbia,(Id. ¶ 34), and that the trial before this Court will be "DEFECTIVE if not joined in the . . . Lisa Hoffenberg FTCA trial . . . ," (Id. ¶ 39).

### III. DISCUSSION

#### A. Standard of Review

This Court must dismiss, at the earliest practicable time, in forma pauperis actions that are frivolous, malicious, or fail to state a claim.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions.  Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (unpublished).  Thus, to survive dismissal, Plaintiff's Amended Complaint must contain sufficient factual matter, accepted as true, to plausibly allege all required elements of a cause of action.  Ashcroft v. Iqbal, 556 U.S. 662,

9

678 (2009).

### B. The Court Lacks Subject Matter Jurisdiction Under The FTCA

Federal courts are courts of limited jurisdiction, and they must have the power to hear a case. In re Morrissey, 717 F.2d 100, 102 (3d Cir. 1983). If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Federal Tort Claims Act, which is codified in multiple sections of Title 28 of the United States Code, "operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). Because this waiver is limited, its terms "define the court's jurisdiction to entertain the suit." Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir. 1971). The FTCA mandates that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a).

The initial presentation must contain a "sum certain amount for injuries or losses alleged to have occurred by reason of the incident." White-Squire, 592 F.3d at 455. The sum certain is not merely a technical requirement; it facilitates the "underlying goals of 28 U.S.C. § 2675(a) to provide a procedure under which the government may investigate, evaluate, and

10

consider settlement of a claim." <u>Owen ex rel. Estate of O'Donnell v. United States</u>, 307 F. Supp. 2d 661, 665 (E.D. Pa. 2004).

This administrative exhaustion "is jurisdictional and cannot be waived." <u>Lightfoot v. United States</u>, 564 F.3d 625, 627 (3d Cir. 2009). In general, "[t]he plaintiff has the burden of persuasion to convince the court it has jurisdiction," <u>Gould Electronics Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000). In an FTCA case, this burden means specifically, *inter alia,* that "the plaintiff[] bear[s] the burden of establishing that a proper administrative claim has been filed." <u>Frantz v. United States</u>, 791 F.Supp. 445, 450 (D.Del. 1992).

Here, the Plaintiff has not satisfied his "burden of establishing that a proper administrative claim has been filed." <u>Id.</u> He made no allegations regarding whether he submitted a claim notice with a sum certain demand relating to his medical malpractice claim. This deficiency is fatal; absent a sum certain demand, the Court has no subject matter jurisdiction. <u>White-Squire v. U.S. Postal Service</u>, 592 F.3d 453. The Court gave Plaintiff leave to file an Amended Complaint and specifically informed him of this requirement, instructing him to "sufficiently allege exhaustion of Plaintiff's FTCA claim (meaning an allegation that Plaintiff presented . . . a demand for a sum certain)." Hoffenberg v. United States, No. 10 Civ.

2788, 14 (D.N.J. Feb. 6, 2012). The Plaintiff failed to satisfy this instruction, and he will not be granted further leave to amend.[1]

Even assuming *arguendo* that the Plaintiff did submit a claim notice containing his demand for $20 billion, which he has not alleged, this demand would not satisfy the sum certain requirement. The Plaintiff's demand for $20 billion includes claims relating to restitution, financial crimes, and access to courts. (E.g. Am. Compl. ¶12.) The Plaintiff has not alleged a sum certain demand specific to his medical malpractice claim. He must provide some notice of the nature of his claim so the government can "investigate, evaluate, and consider settlement of [his] claim." See Owen ex rel. Estate of O'Donnell v. United States, 307 F. Supp. 2d 661, 665 (E.D. Pa. 2004). A blanket demand for $20 billion for relief from all of Plaintiff's varied claims does not satisfy these goals.

Because, contrary to well-settled law and this Court's explicit instruction, the Plaintiff failed to plead that the BOP

---

[1] Indeed, the Court's Order clearly stated that the Amended Complaint must "make[] no reference to any claim other than Plaintiff's medical malpractice claim . . . and that any further pleading that fails to comply with this requirement will be stricken." [Docket Item 27, Feb. 6, 2012 Order, at 2.] Because the Amended Complaint contained many references to other claims, the whole pleading should have been stricken. The Court still conducted the required jurisdictional analysis for the Plaintiff's FTCA claim but, given the Plaintiff's failure to follow the Court's directives, he will receive no further opportunities to amend.

had adequate notice of his medical malpractice claim, the Court will dismiss the medical malpractice claim with prejudice for lack of subject matter jurisdiction.  The Court will not consider the sufficiency under New Jersey medical malpractice law of Plaintiff's allegation regarding administration of the wrong diabetes medication.  In fact, "the existence and extent of any medical malpractice is irrelevant to the jurisdictional question presently before this Court."  See Frantz v. United States, 791 F.Supp. 445, 450 (D. Del. 1992).

The remainder of Plaintiff's proposed Amended Complaint, containing a myriad of allegations unrelated to his proposed medical malpractice claim, will also be stricken as contrary to the limited purpose for which Plaintiff had been granted leave to amend.[2]  Accordingly, Plaintiff's Motion to Amend the Complaint will be denied.

### C. Plaintiff's Motion to Change Venue Lacks Merit

A district court may transfer a civil action "for the convenience of parties and witnesses" or "in the interest of justice."  28 U.S.C. § 1404(a).  This case is properly venued in

---

[2]This Court's Order of February 6, 2012 [Docket Item 27] was explicit in limiting Plaintiff to filing "an Amended Complaint that makes no reference to any claim other than Plaintiff's medical malpractice claim against the United States, arising under the Federal Tort Claims Act, and that any further pleading that fails to comply with this requirement will be stricken." [Docket Item 27, Feb. 6, 2012 Order, at 2.]  Accordingly, the balance of the Amended Complaint is stricken.

the District of New Jersey, where Plaintiff resides and where the events giving rise to his claim allegedly occurred.  The Plaintiff has not shown that a transfer from the District of New Jersey to the District of Columbia will accomplish either goal.  He mentions that the BOP maintains records in Washington D.C., (Am. Compl. ¶ 34), but transferring documents does not necessitate a venue transfer.  In addition, the Plaintiff's reference to a trial involving Lisa Hoffenberg does not establish either that justice or the parties' convenience necessitates a venue transfer.  Plaintiff simply has not shown that his medical malpractice claim involving treatment administered at a federal prison in New Jersey should be transferred to the District of Columbia.  The Court will deny Plaintiff's motion to change venue.

   Because most of Plaintiff's Motion to Change Venue discusses the Court's potential bias, the Court also considers the motion under recusal standards.  As a matter of due process, a judge must recuse himself when he "has a direct, personal, substantial, pecuniary interest in a case," or when "the probability of actual bias . . . is too high to be constitutionally tolerable." Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 876-77 (2009).  The statutory requirements for recusal are set forth in 28 U.S.C. § 455.  The Plaintiff has not alleged that this Court has a personal or financial interest in this case; indeed, this

14

Judge is unacquainted with any parties in this case, including Plaintiff himself, outside of the allegations he has brought forth. The fact that this Judge and Judge Bumb are professional colleagues does not establish constitutionally intolerable bias. To the extent that Plaintiff's Motion to Change Venue should be interpreted as a motion for recusal, it will also be denied.

**IV. CONCLUSION**

For the reasons discussed above, the Court lacks subject matter jurisdiction over this action and will dismiss with prejudice Plaintiff's medical malpractice claim in accordance with 28 U.S.C. § 1915(e)(2), for lack of subject matter jurisdiction. Plaintiff's Motion to Amend the Complaint is futile and will be denied.

Plaintiff's Motion to Change Venue is denied.

If the Plaintiff seeks to file more complaints, he will be subject to the limited preclusion order outlined in Hoffenberg v. Grondolsky, Civ. Action No. 09-4784 (RMB) (D.N.J. Nov. 30, 2011).

The accompanying Order will be entered.


**July 26, 2012**                   **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                             Chief U.S. District Judge